## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## SOUTHERN DIVISION
## Civil Action No. 7:23-cv-1039

**JOSHUA WINDHEIM, on behalf of himself and all others similarly situated,**

    **Plaintiff(s)**

    **v.**

**NINETEEN BAR, LLC, a North Carolina Limited Liability Company, and JOHN FRANCESCO, individually,**

    **Defendants.**

## COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, JOSHUA WINDHEIM ("Plaintiff"), on behalf of himself and all others similarly situated, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, files the following Collective Action Complaint for Damages and Demand for Jury Trial against Defendants, NINETEEN BAR LLC ("NBL") and JOHN FRANCESCO ("Francesco") (NBL and Francesco collectively referred to as "Defendants"), for their failure to pay restaurant servers and bartenders in accordance with federal law during the relevant time period.

## INTRODUCTION

1.    Plaintiff brings this collective action under the FLSA on behalf of himself and all restaurant servers and bartenders who work or have worked at Nineteen Bar & Restaurant, located at 513 Country Club Drive, Hampstead, North Carolina, during the past three years. Defendants committed federal minimum wage and overtime violations because they compensate restaurant servers and bartenders at a sub-minimum reduced "tip credit" wage, notwithstanding that

Defendants failed to provide sufficient notice of the tip credit under federal law. Furthermore, servers and bartenders are required to contribute portions of their tips to an unlawful tip pool which is disbursed to ineligible recipients. Plaintiff, and other servers and bartenders spend more than 20% of their workweek performing non-tipped duties and side work and are still compensated a reduced sub-minimum wage for this work. Defendants have also violated federal law by claiming a tip credit during shifts when servers and bartenders are required to spend 30 or more continuous minutes on side work and non-tipped duties. During the same time period, Defendants failed to pay Plaintiff and all other restaurant servers and bartenders the proper overtime wage premium, leading to widespread violations of the FLSA. As a result, Plaintiff and similarly situated servers and bartenders have been denied applicable wages in one or more workweeks during the past 3 years.

## PARTIES

2.     During all times material hereto, Plaintiff was a resident of Hampstead, North Carolina, over the age of 18 years, and otherwise *sui juris.*

3.     Plaintiff and members of the **FLSA Collectives** are/were restaurant servers and bartenders who worked for Defendants within the last three (3) years at Nineteen Bar & Restaurant in Hampstead, North Carolina.

4.     Plaintiff worked for Defendants as a restaurant server at Nineteen Bar & Restaurant from in or around October 2022 until approximately March 2023.

5.     Members of the proposed collectives worked for Defendants in the same capacity as Plaintiff in that they were restaurant servers and/or bartenders for Defendants at Nineteen Bar & Restaurant located in Hampstead, North Carolina.

6.     Plaintiff seeks certification of five (5) separate collectives under 29 U.S.C. § 216(b) for violations of the FLSA as follows:

**Tip Notice Collective: All servers and bartenders who worked at Nineteen Bar & Restaurant in Hampstead, North Carolina, during the past 3 years, who did not receive proper notice from Defendants that they would be taking a tip credit toward the required federal minimum wage.**

**Tip Share Collective: All servers and bartenders who worked at Nineteen Bar & Restaurant in Hampstead, North Carolina, during the past 3 years, who were required to share any portions of their tips with their employer, managers, and/or supervisors.**

**80/20 Collective: All servers and bartenders who worked at Nineteen Bar & Restaurant in Hampstead, North Carolina, during the three (3) years preceding this lawsuit who were required to spend more than 20% of any workweek performing non-tipped duties and side work and did not receive the full applicable minimum wage.**

**Substantial Side Work Collective: All servers and bartenders who worked at Nineteen Bar & Restaurant in Hampstead, North Carolina, who were required to spend thirty (30) or more continuous minutes on non-tipped duties and side work during any shift after December 28, 2021.**

**Federal Overtime Collective: All servers and bartenders who worked at Nineteen Bar & Restaurant in Hampstead, North Carolina, during the three (3) years preceding this lawsuit who worked more than 40 hours in any workweek.**

7.     The precise size and identity of each collective and class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

8.     During all times material hereto, Defendant, NBL, was a North Carolina limited liability company operating and transacting business within Hampstead, North Carolina, within the jurisdiction of this Honorable Court.

9.     Defendant, Francesco, is a resident of Hampstead, North Carolina, and is subject to the jurisdiction of this Honorable Court.

3

10.     Defendants own, operate, and control Nineteen Bar & Restaurant, located at 1513 Country Club Drive, Hampstead, North Carolina 28443.

11.     Defendants were Plaintiff's "employer," as defined by the FLSA, during all times pertinent to the allegations herein.

12.     Defendants were also Plaintiff's "joint employer" as defined by the FLSA and all pertinent regulations during all times material hereto.

13.     During all times material hereto, Defendant, NBL, was vested with control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices of Nineteen Restaurant located at 513 Country Club Drive, Hampstead, North Carolina 28443.

14.     During all times material hereto, Defendant, Francesco, was also vested with control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices of Nineteen Restaurant located at 513 Country Club Dr. Hampstead, North Carolina 28443.

15.     Defendants implement uniform pay, tip, and timekeeping practices at Nineteen Bar & Restaurant that apply to all restaurant servers and bartenders.

16.     Plaintiff and putative collective members are/were non-exempt, hourly restaurant servers and bartenders.

## JURISDICTION AND VENUE

17.      This action is brought under 29 U.S.C. § 216(b), to recover damages from Defendants, injunctive relief, and reasonable attorney's fees and costs.

18.     The acts and/or omissions giving rise to this dispute took place within Hampstead, North Carolina, which falls within the jurisdiction of this Honorable Court.

19.    Defendants regularly transact business in Hampstead, North Carolina, and jurisdiction is therefore proper.

20.    Venue is also proper within Hampstead, North Carolina.

## FLSA COVERAGE

21.    Defendant, NBL, is an enterprise covered by the FLSA by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce, in that Defendants had at least two employees engaged in commerce or in the production of goods for commerce, or two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

22.    During all time periods pertinent hereto, Defendant, NBL's employees regularly handled goods such as food, beverages, napkins, silverware, appliances, rice, beer, corona extra, corona light, vodka, meat, chicken, pork, cheese, broccoli, carrots, peas, oil, zucchini, wings, salmon, onions, peppers, crab, vinegar sauce, shrimp, beef, steak, potatoes, bread, hot sauce, cheese, marinara sauce, pretzels, buns, nachos, calamari, chicken tenders, jalapenos, other food items, restaurant equipment, chairs, tables, vacuum cleaners, pens, paper, receipts, computers, credit card processors, staples, toothpicks, mints, flour, sugar, coffee, tea, soda, water bottles, and other materials that had previously travelled through interstate commerce.

23.    Defendant, NBL, had an annual gross revenue in excess of $500,000.00 in 2020, 2021, 2022, and is expected to gross in excess of $500,000.00 in 2023.

## GENERAL ALLEGATIONS

24.    During all times material hereto, Defendant, Francesco, was an owner, operator, and corporate officer of Nineteen Restaurant in Hampstead, North Carolina.

25.     Defendant, Francesco, had hiring, firing, and supervisory authority over Plaintiff and all other servers and bartenders during all times material hereto.

26.     Plaintiff worked for Defendants as a restaurant server during his employment period.

## DEFENDANTS ATTEMPTED TO TAKE A TIP CREDIT TOWARD THE FEDERAL MINIMUM WAGE BUT FAILED TO PROVIDE PLAINTIFF AND THE PUTATIVE COLLECTIVE THE SUFFICIENT TIP CREDIT NOTICE

27.     Under § 203(m) of the FLSA, an employer is not eligible to take a tip credit and/or retain a tip credit toward the applicable federal minimum age unless it provides either oral or written notice to the employee of the provisions of § 203(m). *See* 29 C.F.R. § 531.59.

28.     If an employer fails to provide an employee with full adequate notice or information regarding the provisions of § 203(m), but nonetheless retains a tip credit against that employee's (reduced) hourly wage, the employee is entitled to the applicable and full minimum wage for all hours worked up to forty (40) hours. *See id.; Graham v. Famous Dave's of America, Inc.*, No. 19-0486, 2020 WL 5653231 (D. Md. Sept. 23, 2020).

29.     The requisite notice or provision of information to an employee under 29 C.F.R. § 531.59 must include the following details:

> "[t]he amount of the cash wage that is to be paid to the tipped employee by the employer; the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer . . . that all tips received by the tipped employee must be retained by the employee except for a tip pooling arrangement limited to employees who customarily and regularly receive tips; and that the tip credit shall not apply to any employee who has not been informed of the requirements in this section."

30.     During the past 3 years Defendants paid a reduced sub-minimum wage in the amount of $3.00 per hour to all of their Servers and Bartenders, including Plaintiff.

31.     During the past 3 years Defendants attempted to take a tip credit toward the requisite federal minimum wage payable to Plaintiff and members of the putative Collectives.

32.     However, Defendants failed to provide Plaintiff and members of the putative Collectives with the requisite tip notice under federal law prior to taking the tip credit.

33.     Plaintiff and the ***Tip Notice Collective*** are entitled to recover the tip credit for each hour worked during the past 3 years.

## DEFENDANTS REQUIRED PLAINTIFF AND THE PUTATIVE COLLECTIVE TO SHARE TIPS WITH INELIGIBLE EMPLOYEES

34.     Supervisors, managers, owners, and/or other non-customarily tipped employees are not traditionally tipped restaurant employees under the FLSA and are therefore forbidden from participating in tip pools when an employer is taking a tip credit.

35.     During the past 3 years, Defendants violated the FLSA by requiring Plaintiff and all other Severs and Bartenders to share or otherwise surrender portions of their tips to employers, managers, and/or supervisors, by permitting the aforementioned agents to participate in a tip pool to which Servers and Bartenders were required to contribute.

36.     Plaintiff and all other Servers and Bartenders did not voluntarily provide these tips to any of the ineligible participants in the tip pool, including the employers, managers, and supervisors.

37.     Defendants therefore violated the FLSA by allowing certain ineligible individuals to receive a portion of the tip share to which Plaintiff and members of the putative Collective were required to contribute.

38.     Defendants' violation of the tip regulations under the FLSA results in forfeiture of all tip credits taken for Plaintiff and all other Severs and Bartenders, and these individuals are

entitled to receive the full federal minimum wage for each hour worked in light of the illegal tip sharing practices implemented and enforced by Defendants.

39.     Plaintiff and the **Tip Share Collective** are entitled to recover the tip credit for each hour worked as well as reimbursement of any tips taken by ineligible participants.

## DEFENDANTS REQUIRED PLAINTIFF AND THE PUTATIVE COLLECTIVE TO SPEND MORE THAN 20% OF THE WORKWEEK PERFORMING NON-TIPPED DUTIES AND SIDE WORK

40.     Federal law prohibits employers from taking a tip credit when an employee performs non-tip generating duties for more than 20% of their workweek. *See Rafferty v. Denny's Inc.*, 13 F4th 1166, 1188 (11th Cir. 2021). In other words, when restaurant servers and bartenders spend 20% or more of any respective workweek on non-tip generating duties and side work, they must be paid the full minimum wage, as opposed to the reduced sub-minimum wage for tipped employees.[1]  *Id.*

41.     Defendants claimed a tip credit for all of Plaintiff's work, including during workweeks in which Plaintiff spent more than 20% of his time on non-tip producing duties and side work.

42.     During his employment in 2022 and 2023, Plaintiff and other servers and bartenders were compensated at the reduced wage of $3.00 per hour for their first forty (40) hours of work per week.  On information and belief, Defendants paid Servers and Bartenders this same reduced sub-minimum cash wage in 2020 and 2021 as well, and are still paying this same reduced sub-minimum cash wash to Servers and Bartenders in 2023.

---

[1] The maximum tip credit permissible under federal law is $5.12 cents per hour. However, an employer cannot claim a tip credit if its employee spends more than 20% of any respective workweek performing non-tip producing duties.

43. During his employment period with the Defendants, Plaintiff and members of the putative collectives and classes of servers and bartenders were assigned both "opening" shifts and "closing" shifts.

44. The typical opening shift schedule is from about 10:00 am until about 4:00 pm.

45. Nineteen Bar & Restaurant typically opens to the public at 11:00 am Monday through Saturday. However, the restaurant opens to the public at 9:00 am on Sundays.

46. Prior to opening the restaurant, from approximately 10:00 am to 11:00 am – a period of more than thirty (30) minutes – Defendants instructed Plaintiff and all other similarly situated restaurant servers and bartenders to unstack chairs, wipe down surfaces, prepare lights and signs, cut fruit, fill salt and pepper shakers, roll silverware, set tables, clean the beverage stations, clean tables, clean condiments, clean the outside of the restaurant, make coffee, brew tea, make drinks, and perform additional side work and "non-tipped" duties which are merely incidental or completely unrelated to the employees' tipped duties.[2]

47. Furthermore, prior to opening to the public during this hour, Plaintiff and the other servers and bartenders were paid the reduced sub-minimum wage of $3.00 per hour, even though the restaurant was closed, and its servers and bartenders could not earn any tips from customers during this time period.

48. Throughout opening shifts, Plaintiff and the putative class members were required to perform the same "non-tipped" duties side work as outlined in the preceding paragraphs. At a minimum, Plaintiff spent a total of at least 1.5 hours out of a 6-hour shift performing non-tipped duties and side during an entire opening shift.

---

[2] During his employment period, Plaintiff was required to arrive to the restaurant on certain days as early as 8:32 a.m. and perform these duties until the restaurant opened at 11:00 a.m. Plaintiff was paid a sub-minimum wage during this time period.

49.     When working the "closing" shift, Plaintiff and all other similarly situated servers and bartenders report to work at around 4:00 p.m. and are scheduled to work through around 10:00 p.m.  However, the restaurant typically closes to the public at 9 pm on Wednesdays, Thursdays, Fridays, and Saturdays. During the final hour of their shift the servers and bartenders are required to performing closing duties including several of the same duties required of individuals working the opening shifts. During the entire closing shift, Plaintiff and all other servers and bartenders are paid a reduced wage of $3.00 per hour (even though there are no customers for at least 1-hour of each closing shift).

50.     Before, during and/or after each "closing" shift, Plaintiff and the putative class members are instructed to stack chairs, wipe down surfaces, prepare lights and signs, fill salt and pepper shakers, roll silverware, make salads, clean the beverage stations, clean tables, clean condiments, clean the outside of the restaurants, brew coffee, brew tea, and perform additional "non-tipped" duties and side work which are merely incidental to the employees' primary duties in the restaurant.

51.     At a minimum, Plaintiff spent at least 1.5 hours out of a 6 hour shift performing non-tipped duties and side during closing shifts.

52.     Accordingly, Plaintiff and putative class members are regularly required to spend a total of ***more than* 20%** of their shifts each workweek performing the aforementioned "non-tipped" duties and side work.

53.     As a result, Plaintiff and members of the putative collectives and classes are entitled to recover the applicable tip credit for the time they spent performing "non-tipped" incidental duties and side work during each workweek, as opposed to the reduced wage they received.

10

54.     Plaintiff and the ***80/20 Collective*** are entitled to recover at least federal minimum wage for each hour spent performing "non-tipped" duties and side work during workweeks in which the "non-tipped" work exceeded 20% of the workweek.

## DEFEENDANTS REQUIRED PLAINTIFF AND ALL OTHER SERVERS AND BARTENDERS TO SPEND 30 OR MORE CONTINUOUS MINUTES ON NON-TIPPED DUTIES AND SIDE WORK DURING EACH SHIFT

55.     Side work and non-tipped work which take 30 or more continuous minutes is not considered "part of the tipped occupation." *See* 29 C.F.R. § 531.56(f)(4)(ii).

56.     Accordingly, employers are forbidden from taking a tip credit when they compel tipped employees to spend 30 or more continuous minutes on non-tipped duties and side work.

57.     During all times material hereto, Defendants required all servers and bartenders to arrive at opening shifts more than 30 minutes before the restaurant was open to the public.

58.     Moreover, during all times material hereto, Defendants required servers and bartenders to perform side work and non-tipped duties for 30 or more continuous minutes at the end of closing shifts, often when servers and bartenders did not have any customers and the restaurant was closed to the public.

59.     Plaintiff and the ***Substantial Side Work Collective*** are entitled to recover at least federal minimum wage for each the time spent performing "non-tipped" duties and side work which equals or exceeds 30 continuous minutes per shift.

## DEFEENDANTS PAY THE INCORRECT OVERTIME PREMIUM TO PLAINTIFF AND ALL OTHER SERVERS AND BARTENDERS WHEN THEY WORK OVER FORTY (40) HOURS PER WEEK

60.     During one or more workweeks within the previous three (3) years, Plaintiff and various other servers and bartenders worked more than forty (40) hours.

61.     However, upon information and belief, Defendants failed to compensate Plaintiff, and all other servers and bartenders, the correct overtime premium in one or more workweeks during the previous three (3) years.

62.     Accordingly, Defendants violated the FLSA in one or more workweeks within the previous three (3) years by failing to pay Plaintiff and all other similarly situated servers and bartenders proper federal overtime wages.

63.     During their employment, Plaintiff and/or members of the collective complained about the illegal practices above; however, Defendants took no action to stop the illegal pay practices.

64.     Although Defendants were aware of the requirements of the FLSA, and the pertinent regulations thereto, Defendants willfully and/or intentionally failed to pay Plaintiff and the class members in accordance with the state and federal law.

## COUNT I - COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (Tip Notice Collective)

65.     Plaintiff hereby re-avers Paragraphs 1 through 64 as though set forth fully herein.

66.     Defendants claimed a federal tip credit for each hour of work performed by Plaintiff and all other servers and bartenders during all times material hereto.

67.     However, Plaintiff and members of the Tip Notice Collective were subjected to similar violations of federal law as a result of the Defendants' failure to provide sufficient notice of the tip credit as required under the FLSA.

68.     Plaintiff seeks recovery of these federal minimum wages under 29 U.S.C. § 216(b) for himself and the following collective for Defendants' failure to pay federally mandated minimum wages:

**All servers and bartenders who worked at Nineteen Bar & Restaurant in Hampstead, North Carolina, during the past 3**

12

> **years, who did not receive proper notice from Defendants that they would be taking a tip credit toward the required federal minimum wage.**

69.     Defendants intentionally and/or willfully failed to pay Plaintiff and the putative collective members the full federal minimum wage for one or more weeks of work.

70.     As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and the collective members have been damaged in the loss of federal minimum wages for one or more weeks of work during their employment with Defendants.

71.     Defendants' willful and/or intentional violations of federal law entitle Plaintiff and the putative collective members to recover an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, JOSHUA WINDHEIM, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, NINETEEN BAR LLC and JOHN FRANCESCO, and award Plaintiff, and all others similarly situated: (a) unliquidated federal minimum wages; (b) an equal amount of liquidated damages; (c) all reasonable attorney's fees and litigation costs permitted under the FLSA; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## COUNT II - COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (Tip Share Collective)

72.     Plaintiff hereby re-avers Paragraphs 1 through 64 as though set forth fully herein.

73.     Plaintiff and all others similarly situated are/were entitled to be paid full federal minimum wage for certain hours worked during their employment with Defendants.

74.     Defendants claimed a tip credit for each hour of work for Plaintiff and all other servers and bartenders during all times material hereto.

75. Defendants further required Plaintiff and members of the Tip Share Collective to contribute portions of their hard-earned tips to a tip pool which was then distributed to ineligible individuals who are not permitted to participate in a tip pool under the FLSA.

76. More specifically, Defendants required Plaintiff and members of the Tip Share Collective to share portions of their tips with employers, supervisors, and/or managers.

77. Plaintiff and members of the Tip Share Collective were subjected to similar violations of federal law as a result of the Defendants' unlawful tip pool.

78. Plaintiff seeks recovery of these federal minimum wages and disgorgement of these tips under 29 U.S.C. § 216(b) for himself and the following collective for Defendants' violations of the FLSA:

> **All servers and bartenders who worked at Nineteen Bar & Restaurant in Hampstead, North Carolina, during the past 3 years, who were required to share any portions of their tips with their employer, managers, and/or supervisors.**

79. Defendants willfully failed to pay Plaintiff and the putative collective members the full federal minimum wage for one or more weeks of work and required Plaintiff and the collective to share portions of their tips with ineligible recipients.

80. As a direct and proximate result of Defendants' violations of the FLSA, Plaintiff and the collective members have been damaged in the loss of federal minimum wages and tips for one or more weeks of work during their employment with Defendants.

81. Defendants' willful and/or intentional violations of entitle Plaintiff and the putative collective members to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, JOSHUA WINDHEIM, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, NINETEEN BAR LLC, and JOHN FRANCESCO, and award Plaintiff, and all others similarly situated: (a) unliquidated federal

14

minimum wages; (b) an equal amount of liquidated damages; (c) disgorgement of any and all tips unlawfully retained by employers, supervisors, and/or managers; and (d) all reasonable attorney's fees and litigation costs permitted under the FLSA; and any and all such further relief as the Court deems just and reasonable under the circumstances

## COUNT III - COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (80/20 Collective)

82.    Plaintiff hereby re-avers Paragraphs 1 through 65 as though set forth fully herein.

83.    Plaintiff and all others similarly situated are/were entitled to be paid full federal minimum wage for certain hours worked during their employment with Defendants.

84.    Defendants claimed a tip credit for each hour of work for Plaintiff and all other servers and bartenders during all times material hereto.

85.    However, Plaintiff and the proposed collective members were subjected to similar violations of federal law as a result of the Defendants' failure to pay them the full minimum wage when they were required to spend more than 20% of their workweek performing non-tipped duties and side work.

86.    Plaintiff seeks recovery of these federal minimum wages under 29 U.S.C. § 216(b) for himself and the following collective for Defendants' failure to pay federally mandated minimum wages:

> **All servers and bartenders who worked at Nineteen Bar & Restaurant in Hampstead, North Carolina, during the three (3) years preceding this lawsuit who were required to spend more than 20% of any workweek performing non-tipped duties and side work and did not receive the full applicable minimum wage.**

87.    Defendants willfully failed to pay Plaintiff and the putative collective members the full federal minimum wage for one or more weeks of work.

88.     As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and the collective members have been damaged in the loss of federal minimum wages for one or more weeks of work during their employment with Defendants.

89.     Defendants' willful and/or intentional violations of entitle Plaintiff and the putative collective members to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, JOSHUA WINDHEIM, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, NINETEEN BAR LLC, and JOHN FRANCESCO, and award Plaintiff, and all others similarly situated: (a) unliquidated federal minimum wages; (b) an equal amount of liquidated damages; (c) all reasonable attorney's fees and litigation costs permitted under the FLSA; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## COUNT IV - COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (Substantial Side Work Collective)

90.     Plaintiff hereby re-avers Paragraphs 1 through 64 as though set forth fully herein.

91.     Plaintiff and all others similarly situated are/were entitled to be paid full federal minimum wage for certain hours worked during their employment with Defendants.

92.     Defendants claimed a tip credit for each hour of work for Plaintiff and all other servers and bartenders during all times material hereto.

93.     However, Plaintiff and the proposed collective members were subjected to similar violations of federal law as a result of Defendants requiring servers and bartenders to perform more than 30 continuous minutes of non-tipped side work duties when the restaurant was closed to the public and paying servers and bartenders a reduced sub-minimum wage for this work.

94.     Plaintiff seeks recovery of these federal minimum wages under 29 U.S.C. § 216(b) for himself and the following collective for Defendants' failure to pay federally mandated minimum wages:

> **All servers and bartenders who worked at Nineteen Bar & Restaurant in Hampstead, North Carolina, who were required to spend thirty (30) or more continuous minutes on non-tipped duties and side work during any shift after December 28, 2021.**

95.     Defendants willfully failed to pay Plaintiff and the putative collective members the full federal minimum wage for one or more weeks of work.

96.     As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and the collective members have been damaged in the loss of federal minimum wages for one or more weeks of work during their employment with Defendants.

97.     Defendants' willful and/or intentional violations of entitle Plaintiff and the putative collective members to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, JOSHUA WINDHEIM, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, NINETEEN BAR LLC, and JOHN FRANCESCO, and award Plaintiff, and all others similarly situated: (a) unliquidated federal minimum wages; (b) an equal amount of liquidated damages; (c) all reasonable attorney's fees and litigation costs permitted under the FLSA; and any and all such further relief as the Court deems just and reasonable under the circumstances.

### COUNT V - COLLECTIVE ACTION FOR OVERTIME WAGE VIOLATIONS
**(Federal Overtime Wage Collective)**

98.     Plaintiff hereby re-avers Paragraphs 1 through 64 as though set forth fully herein.

99.     Plaintiff and all other similarly situated servers and bartenders are/were entitled to be paid full federal overtime wages at the rate of 1.5 times their regular hourly rate when they worked more than 40 hours in a workweek during their employment with Defendants.

100.    Defendants claimed a tip credit for each hour of work for Plaintiff and all other servers and bartenders during all times material hereto, including when servers and bartenders worked more than 40 hours in a workweek.

101.    However, Plaintiff and the proposed collective members were subjected to similar violations of federal law as a result of Defendants failing to pay full and proper overtime wages to servers and bartenders when they worked more than 40 hours in a workweek.

102.    Plaintiff seeks recovery of these federal overtime wages under 29 U.S.C. § 216(b) for himself and the following collective for Defendants' failure to pay federally mandated overtime wages:

> **All servers and bartenders who worked at Nineteen Bar & Restaurant in Hampstead, North Carolina, during the three (3) years preceding this lawsuit who worked more than 40 hours in any workweek.**

103.    Defendants willfully failed to pay Plaintiff and the putative collective members the full federal overtime wages when they worked over 40 hours in one or more weeks of work.

104.    As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and the collective members have been damaged in the loss of federal overtime wages for one or more weeks of work during their employment with Defendants.

105.    Defendants' willful and/or intentional violations of entitle Plaintiff and the putative collective members to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, JOSHUA WINDHEIM, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, NINETEEN BAR LLC, and JOHN FRANCESCO, and award Plaintiff, and all others similarly situated: (a) unliquidated federal overtime wages; (b) an equal amount of liquidated damages; (c) all reasonable attorney's fees and

litigation costs permitted under the FLSA; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, JOSHUA WINDHEIM, demands a trial by jury for himself and all collective members on all appropriate claims.

/s/ L. Michelle Gessner
L. Michelle Gessner (NC Bar No. 26590)
GESSNERLAW, PLLC
1213 Culbreth Drive, Suite 426
Wilmington, North Carolina 28405
Telephone: (704) 234-7442
Facsimile: (980) 206-0286
E-mail: michelle@mgessnerlaw.com
*Attorney for Plaintiff and Putative Class*


/s/ Jordan Richards
Jordan Richards (FL Bar No. 108372)
*Pro Hac Vice Forthcoming*
USA Employment Lawyers
Jordan Richards PLLC
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
Telephone: (704) 234-7442
E-mail: jordan@jordanrichardspllc.com
*Attorney for Plaintiff and Putative Class*

19