# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION

Case No. 7:23-cv-1039

JOSHUA WINDHEIM, on behalf of himself
and all others similarly situated,

    Plaintiff(s),

v.

NINETEEN BAR LLC, and JOHN
FRANCESCO, individually,

    Defendants.

_____/

## ORDER

THIS CAUSE having come before the Court upon Plaintiff's Motion for Conditional Certification of FLSA Collective Action Pursuant to 29 U.S.C. § 216(b), it is

ORDERED and ADJUDGED as follows:

The Plaintiff's Motion for Conditional Certification of FLSA Collective Action Pursuant to 29 U.S.C. § 216(b) is hereby GRANTED as follows:

(1) conditional certification is hereby granted in the above styled action as a collective action under Section 216(b) of the Fair Labor Standards Act for the following collectives:

| | |
|---|---|
| <u>Tip Notice Collective</u>: | All servers and bartenders who worked at Nineteen Bar and Restaurant in Hampstead, North Carolina, during the past 3 years, who did not receive proper notice from Defendants that they would be taking a tip credit toward the required federal minimum wage. |

Tip Share Collective: All servers and bartenders who worked at Nineteen Bar & Restaurant in Hampstead, North Carolina, during the past 3 years, who were required to share any portions of their tips with their employer, managers, and/or supervisors.

80/20 Collective: All servers and bartenders who worked at Nineteen Bar & Restaurant in Hampstead, North Carolina, during the three (3) years preceding this lawsuit who were required to spend more than 20% of any workweek performing non-tipped duties and side work and did not receive the full applicable minimum wage.

Substantial Side Work Collective: All servers and bartenders who worked at Nineteen Bar & Restaurant in Hampstead, North Carolina, who were required to spend thirty (30) or more continuous minutes on non-tipped duties and side work during any shift after December 28, 2021.

Federal Overtime Collective: All servers and bartenders who worked at Nineteen Bar & Restaurant in Hampstead, North Carolina, during the three (3) years preceding this lawsuit who worked more than 40 hours in any workweek.

(2) the Plaintiff, JOSHUA WINDHEIM, is hereby appointed as the Representative of the Collectives with authority to negotiate and appear at settlement conferences and mediations on behalf the class;

(3) the law firm of USA Employment Lawyers – Jordan Richards PLLC and Gessner Law, PLLC, and attorneys Jordan Richards, Esquire, and L. Michelle Gessner, Esquire are hereby appointed as counsel for the Collectives;

(4) the Court hereby Orders expedited discovery production from the Defendants, within 10 calendar days of this Order, of a complete list, electronically in an Excel spreadsheet, of

each and every Server and Bartender listed alphabetically from "A" to "Z" – including their last known home address, cellular telephone number, and e-mail addresses, with a separate field corresponding with each name – who was ever employed by Defendants as a Server or Bartender at any time after May 31, 2020;

(5) Plaintiff's counsel is hereby authorized to send a Court-Approved Notice via mail, email and/or text message to all such persons about their rights to opt-in to this collective action by filing a Consent to Join Lawsuit (in the forms attached hereto and incorporated herein as **Exhibit B**);

(6) Defendants are hereby ordered to conspicuously display the Court-Approved legal notice at its restaurant in an area accessible by all Servers and Bartenders until further order of the Court (in the form attached hereto and incorporated herein as **Exhibit C**);

(7) Plaintiff's counsel is hereby authorized to send a reminder notice to the collectives after thirty days of sending the initial notice (in the form attached hereto and incorporated herein as **Exhibit D**);

(8) Members of the putative Collectives under Section 216(b) are hereby given 90 days from the date the Notices are initially mailed, emailed and/or text messaged by Plaintiffs' counsel, to opt-in to this lawsuit.

SO ORDERED. This the 18 day of October, 2023.

*/s/ Dever*
**JAMES C. DEVER III**
**United States District Judge**

Copies to:
*Counsel of Record*

# Notice of Collective Action and Opportunity to Join

**THIS NOTICE MAY AFFECT YOUR RIGHTS – PLEASE READ CAREFULLY**

**IF YOU CURRENTLY WORK, OR HAVE WORKED, AS A SERVER OR BARTENDER FOR NINETEEN BAR, LLC, AND JOHN FRANCESCO IN HAMPSTEAD, NORTH CAROLINA, AT ANY TIME AFTER MAY 31, 2020.**

- The purpose of this notice is to inform Servers and Bartenders, both past and present, who have worked or currently work for Nineteen Bar, LLC, and John Francesco ("Defendants"), in Hampstead, North Carolina, that a collective action has been filed against Defendants in the United States District Court for the Eastern District of North Carolina, for unlawful failure to pay minimum and overtime wages in violation of the Fair Labor Standards Act ("FLSA"). *See Joshua Windheim, et. al. v. Nineteen Bar, LLC, and John Francesco, E.D.N.C. Case No. 7:23-cv-1039.*

- Mr. Windheim alleges that Defendants violated the law in at least five (5) ways: (i) they failed to provide Servers and Bartenders with adequate notice that Defendants were going to rely upon a tip credit under federal law; (ii) they failed to pay Servers and Bartenders full minimum wage when Servers and Bartenders spent more than 20% in a workweek performing non-tipped work; (iii) they failed to pay Servers and Bartenders full minimum wage when Servers were required to spend more than 30 continuous minutes performing non-tipped work; (iv) the Defendants required Servers and Bartenders to share portions of their tips with supervisors and/or managers; and (v) Defendants failed to compensate Servers and Bartenders applicable federal overtime wages when they worked more than 40 hours in a workweek.

- Mr. Windheim brought this Action on behalf of himself and other former and present Servers and Bartenders who are similarly situated. The Court has not yet ruled on whether the Defendants violated federal law. However, you may be able to join the case as an opt-in Plaintiff.

- Under federal law, Defendants **are not allowed** to threaten you or otherwise retaliate against you for participating in this case.

- Your options are explained in this notice. To be included in this lawsuit your "consent to sue" (sample attached) must be mailed or emailed to Mr. Windheim's attorneys, USA Employment Lawyers - Jordan Richards, PLLC by **December 18, 2023**. Mr. Windheim's attorneys contact information is located on **pages 4, 5 and 6** of this notice. The Consent to Sue form that you are required to complete and submit is located on **page 8** of this notice.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS COLLECTIVE ACTION | |
|---|---|
| (Brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-216) | |
| ASK TO BE INCLUDED | **Join in the Lawsuit & Complete the Consent to Sue Form:** <br><br> By signing and returning a consent to sue form, you join the collective action as a party and may receive money or benefits that may result from settlement or a final hearing. |
| DO NOTHING | **Do Not Join the Lawsuit.** <br><br> By doing nothing, you retain your legal rights to bring a separate action against Defendants for any failure to abide by the Fair Labor Standards Act. If money or benefits are later awarded in this case, you will not share in them. If you choose to do nothing, you will also retain your right to sue the company with a lawyer of your own choosing. |

## BASIC INFORMATION

**1. Why did I get this Notice?**

Defendant's records indicate that you are or were employed as a Server and/or Bartender for Defendants after May 31, 2020. The claims Mr. Windheim alleges against the Defendants in his complaint were filed on May 31, 2023, on behalf of all former and current Servers and Bartenders who worked for Defendants in Hampstead, North Carolina. United States District Court Judge James C. Dever III is overseeing the litigation, which is entitled: Joshua Windheim, et. al. v. Nineteen Bar, LLC, and John Francesco, E.D.N.C. Case No. 7:23-cv-1039.

**2. What is a collective action and who is involved?**

This litigation is brought as a collective action under the Fair Labor Standards Act ("FLSA") by Mr. Windheim for himself and those "similarly situated" to him who choose to join the case. **You are not currently part of this collective action. To join this case as a plaintiff, your "consent to sue" form must be sent to Mr. Windheim's attorneys by December 18, 2023.** If it is

determined that an individual's claim is precluded because the individual is not "similarly situated" to Mr. Windheim, any such claims may be dismissed or severed from this lawsuit.

### 3. Why is this a collective action?

The FLSA permits this kind of lawsuit to be filed as a "collective action," which permits one or more individuals to start a lawsuit, and for other "similarly situated" individuals to join the case to pursue their claims together. The Court overseeing this case has approved that this Notice be sent to you as someone who is potentially similarly situated to Mr. Windheim so that you may decide whether or not to join the case.

## THE CLAIMS IN THE LAWSUIT

### 1. What does the lawsuit complain about?

Mr. Windheim claims that the Defendants violated the Fair Labor Standards Act by: (i) failing to provide Servers and Bartenders with adequate notice that Defendants were going to rely upon a tip credit under Federal law; (ii) failing to pay Servers and Bartenders full minimum wage when Servers and Bartenders spent more than 20% in a workweek performing non-tipped work; (iii) failing to pay Servers and Bartenders full minimum wage when Servers and Bartenders were required to spend more than 30 continuous minutes performing non-tipped work; (iv) requiring Servers and Bartenders share portions of their tips with supervisors and/or managers; and (v) failing to compensate Servers and Bartenders applicable federal overtime wages when they worked more than 40 hours in a workweek. Mr. Windheim is seeking back pay, liquidated damages, and attorney's fees and costs for himself and all other Servers and Bartenders who worked for Defendants at any time after May 31, 2020.

### 2. Has the court decided who is right?

The Court has not yet ruled on whether Defendants violated federal law. Mr. Windheim must prove the claims at a final trial unless the case is settled. *See* "THE TRIAL" section, below.

### 3. What is Mr. Windheim asking for?

Mr. Windheim is asking for unpaid minimum wages at the rate of $7.25 per hour for each hour he worked: (i) when Defendants did not provide notice of taking a tip credit; (ii) when he was required to spend more than 20% of a workweek performing side work; (iii) when he was required to spend more than 30 continuous minutes performing side work; and (iv) when Defendants required Mr. Windheim and similarly situated Servers and Bartenders to share portions of their tips with supervisors and/or managers. Mr. Windheim is asking asking for unpaid federal overtime wages at the rate of 1.5 times the regular hourly rate of pay for all hours worked over 40 in a workweek.

Mr. Windheim is also seeking an equal amount of liquidated damages and is asking the Defendants to pay for all of her legal fees and costs.

| 4. | *Am I a part of this collective action?* |

**You are not currently a part of this collective action. In order to join this collective action your completed "consent to sue" form (sample attached) must be sent to Mr. Windheim's attorneys by December 18, 2023.** If the Court determines that you are not "similarly situated" to Mr. Windheim, your claims may be dismissed or severed from this collective action.

| 5. | *Which former and current employees are included?* |

All Servers and Bartenders who worked for Defendants in Hampstead, North Carolina, after May 31, 2020, who were required to: (a) provide a tip credit to the Defendants; (b) spend more than 20% of any workweek performing non-tipped side work; (c) spend more than 30 continuous minutes performing side work; (d) share portions of their tips with supervisors and/or managers; and/or (e) work more than 40 hours in a workweek without receiving applicable federal overtime wages.

| 6. | *Will joining the lawsuit create problems in my current or former employment relationship with Defendants?* |

Federal law prohibits Defendants from discriminating or retaliating against you in any way because of your decision to participate in this litigation.

| 7. | *I'm still not sure if I am included?* |

If you are still not sure whether you are included, you can get free help by calling or writing to the lawyers representing Mr. Windheim in this case. The attorneys representing Mr. Windheim and other Servers are Jordan Richards, Esq., and Michelle Gessner, Esq. These Employment Law attorneys can be reached by calling or emailing them as set forth below:

**Phone - (954) 871-0050**

**Email - Jordan@USAEmploymentLawyers.com, Michelle@GessnerLaw.com.**

## YOUR RIGHTS AND OPTIONS

### 1. How do I join this collective action?

In order to join, or "opt in" to this collective action, you must sign a "Consent to Sue" form and send it to Mr. Windheim's attorneys by **December 18, 2023**. A sample "Consent to Sue" form is attached to this notice. You may send the completed "Consent to Sue" form to USA Employment Lawyers – Jordan Richards PLLC, 1800 SE 10th Ave. Suite 205, Fort Lauderdale, Florida 33316. Your "Consent to Sue" form may also be submitted electronically by e-mailing it to **Jordan@USAEmploymentLawyers.com**. For an electronic copy of the Consent to Sue Form, please email Mr. Windheim's attorneys by no later than **December 18, 2023**. Returning the completed forms on time does not guarantee that you will be paid any particular amount of money.

### 2. What are the effects of joining this lawsuit?

By joining this collective action, you may receive money from the Defendants as a result of this Action. If you join this collective action and you are entitled to money from Defendants, either as a result of settlement or a final trial, you will be notified. Keep in mind that if you join this collective action now, regardless of whether the Plaintiff wins or loses, you will not be able to sue or continue to sue Defendants as a part of any other lawsuit about the same claims that are the subject of this Lawsuit.

If you decide to join this action, you will be bound by any orders or judgment rendered in this case, whether it is favorable or unfavorable. By agreeing to participate in this lawsuit, you may be required to provide information, sit for depositions, and testify at a final hearing. By signing and returning the "Consent to Sue" form attached to this notice, you are agreeing to be bound by Mr. Windheim's decisions concerning this litigation, the method and manner of conducting this litigation, the fee agreement between Mr. Windheim and her attorneys, and all other matters relating to this lawsuit.

### 3. What are the effects of not joining this lawsuit?

If you choose to not join this collective action, you do not need to take any affirmative steps. If you decide not to participate in this lawsuit, you will not get any money from it even if the Plaintiff obtains money as a result of settlement or a trial. If you do not join this lawsuit, you will not be legally bound by the Court's orders and judgments in this collective action. You may be able to sue on your own, to the extent permitted by law. If you already have an identical or similar FLSA overtime suit against the Defendants, and want to continue it, you should not join this collective action. If you want to initiate your own individual lawsuit against the Defendants regarding these claims, you should not join this lawsuit. If you choose not to participate in this lawsuit, you should consider talking to a lawyer soon, because your claims may be subject to the statute of limitations.

## YOUR LEGAL REPRESENTATION IF YOU JOIN

### 1. Do I need a lawyer in this case?

The law firms **USA Employment Lawyers - Jordan Richards, PLLC** and **Gessner Law, PLLC** currently represent Mr. Windheim in this collective action and offer to represent similarly situated Servers and Bartenders. More information about **USA Employment Lawyers – Jordan Richards, PLLC**, its practice and experience is available on the internet at **www.usaemploymentlawyers.com** or by calling **954-871-0050**. More information about **Gessner Law, PLLC**, its practice and experience is available on the internet at **www.mgessnerlaw.com.**

### 2. May I use my own lawyer?

If you wish, you may participate in this lawsuit by retaining the services of a lawyer of your own choosing. If you decide to participate in this suit through another attorney, your attorney must file a separate lawsuit.

### 3. How will the lawyers be paid?

If USA Employment Lawyers - Jordan Richards, PLLC, and Gessner Law, PLLC, obtain money for individuals who join this collective action, they may petition the Court for an award of attorney fees and costs to be paid by the Defendants on your behalf. The fees retained by the attorneys will be either the amount received from Defendants as ordered by the Court, or by the contingency fee arrangement with Mr. Windheim and his attorneys, whichever is greater. A copy of the contingency fee agreement executed by Mr. Windheim and the law firm **USA Employment Lawyers - Jordan Richards, PLLC** and **Gessner Law, PLLC,** may be obtained upon request.

## THE TRIAL

**The Court has not scheduled a final trial to decide who is right in this case**

### 1. How and when will the Court decide who is right?

If the case is not resolved by settlement or through other legal filings, Plaintiff will be required to prove their claims at a jury trial. A trial date has not yet been set. During the trial, the Court will allow the Parties to present all of the evidence to help the jury reach a decision about whether the Plaintiff or the Defendants are right about the claims in the case.

| 2. | *Do I have to come to the trial?* |

If the case goes to a trial, you may have to provide written or oral testimony about your claims. **USA Employment Lawyers – Jordan Richards, PLLC** and **Gessner Law, PLLC,** will present the case for the Plaintiff and the Defendants will present their own defense through their respective counsel.

| 3. | *Will I get paid after a trial?* |

If your consent to sue is sent to **USA Employment Lawyers – Jordan Richards, PLLC** by **December 18, 2023**, and you are entitled to receive money from the Defendants for your claims, you will be notified. There is no guarantee that Defendants will pay, even if Plaintiff prevail. We do not currently know how long this might take.

| 4. | *Are more details available?* |

Please do not call the Court for assistance. Any question or requests for further information about this notice or lawsuit should be directed to the Plaintiff's attorneys whose information is displayed below:

Jordan Richards, Esq. (lead counsel)
**USA Employment Lawyers - Jordan Richards, PLLC**
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 333016
Ph: (954) 871-0050
Jordan@USAEmploymentLawyers.com

L. Michelle Gessner, Esq. (lead counsel)
**Gessner Law, PLLC**
1213 Culbreath Drive, Suite 426
Wilmington, North Carolina 28405
Ph: (704) 234-7442
Michelle@mgessnerlaw.com

## CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT

Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"),

1. I consent and agree to pursue claims for compensation arising out of my employment as a Server or Bartender for Nineteen Bar, LLC located in Hampstead, North Carolina, in connection with this case, *Joshua Windheim, on behalf of himself and all others similarly situated, v. Nineteen Bar, LLC, and John Francesco, E.D.N.C. Case No. 7:23-cv-1039.*

2. I work/worked as a Server or Bartender for Nineteen Bar, LLC, from in or around _____ _____ (month/year) until on or about _____ (month/year).

3. During periods of my employment within the past 3 years with Nineteen Bar, LLC, in Hampstead, North Carolina, the following happened (check the line only if the statement is TRUE for you):

_____ I was not notified that Nineteen Bar, LLC, was going to rely on a tip credit under federal law.

_____ I was required to share portions of my tips with supervisors and/or managers.

_____ I was required to spend thirty (30) or more continuous minutes on "non-tipped" duties and side work during any shift.

_____ I was required to spend more than 20% of one or more workweeks performing non-tipped duties and side work.

_____ I was required to work more than 40 hours in one or more workweeks.

4. I understand that this action is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et. seq. I wish to assert a claim against the Defendant and hereby consent and opt-in to this lawsuit. I agree to be bound to any judgment or decision or any settlement of this action. I designate the named plaintiff (Joshua Windheim) to make all decisions on my behalf concerning the method and manner of conducting the case. I also designate the named plaintiff to decide whether or not to settle the case and to enter into an agreement with Plaintiff's counsel regarding attorney's fees and court costs, and to make decisions regarding all other matters pertaining to this lawsuit.

5. I hereby designate the firms of Gessner Law, PLLC, located at 1213 Culbreth Drive, Suite 426, Wilmington, North Carolina, and USA Employment Lawyers – Jordan Richards PLLC, located at 1800 SE 10th Ave. Suite 205, Fort Lauderdale, Florida 33316, to represent me for all purposes in this action.

6. In the event this action is decertified, I authorize Gessner Law, PLLC, and USA Employment Lawyers – Jordan Richards PLLC, to re-use this consent form to re-file my claims in a separate or related action against the Defendants.

_____  _____  _____

Print Full Legal Name            Signature                Date

## Client Information Sheet
### (To be Returned to Plaintiff's Counsel with your Consent to Sue Form)

Full Name: _____

Address: _____
_____

Phone Number(s): _____
_____

Email: _____

Job Title for Defendants: _____

Working Location (city & state): _____

Work Schedule: _____
_____

Supervisor Name: _____

Estimated Dates of Employment: _____

Estimated Hours of Work Per Week: _____

**THIS INFORMATION IS FOR PLAINTIFF'S COUNSEL ONLY AND WILL NOT BE MADE PUBLIC**

# LEGAL NOTICE OF COLLECTIVE ACTION

**If You Worked as a Server or Bartender for Nineteen Bar, LLC and John Francesco, You May Be Entitled to Join and Participate in a Lawsuit for Unpaid Wages.**

If you worked as a Server or Bartender for Nineteen Bar, LLC, and John Francesco, between May 31, 2020, and the present, you may be entitled to participate in a federal wage lawsuit concerning the issue of whether Nineteen Bar, LLC, and John Francesco, owe Servers and Bartenders minimum wages, tips, and/or overtime wages.

| | |
|---|---|
| **WHAT IS THIS ABOUT?**<br><br>The lawsuit is captioned *Joshua Windheim, et. al. v. Nineteen Bar, LLC, et. al., E.D.N.C. Case No. 7:23-cv-1039*, and is pending in the United States District Court for the Eastern District of North Carolina. In the lawsuit, the Plaintiff has brought their claims on behalf of themselves and all other Servers and Bartenders who worked for Nineteen Bar, LLC, and John Francesco, in the past 3 years. The lawsuit alleges that the Defendants failed to pay full minimum and overtime wages and unlawfully retained tips. Defendants deny all allegations in Plaintiff's Complaint. The Court has not determined the merits of Plaintiff's claims or Defendant's defenses, but has required this notice to be posted and provided to all current and previously employed Servers and Bartenders.<br><br>**WHO IS AFFECTED?**<br><br>*All persons who have worked as Servers or Bartenders at Nineteen Bar, LLC, from May 31, 2020, to the present.*<br><br>**HOW ARE YOU AFFECTED?**<br><br>Pursuant to a recent ruling from the judge in this case, you are allowed to join this lawsuit as an opt-in plaintiff if you desire to seek unpaid wages and tips from Defendants. | **WHAT IS THE CASE ABOUT?**<br><br>This lawsuit claims that Servers and Bartenders are owed minimum and overtime wages and unlawfully retained tips as a result of unlawful policies that were enforced in the restaurant during the past 3 years.<br><br>**WHAT ARE YOUR OPTIONS?**<br><br>Your legal rights are affected by the Court's decision to conditionally certify a class, and you have a choice to make now. If you wish to participate in this case, you must return a signed Consent to Sue form to the Plaintiff's attorneys. A Consent to Sue form can be obtained, with instructions to file, by emailing Jordan@USAEmploymentLawyers.com. You also should have received a Consent to Sue form in the mail. If you do nothing, you will not participate in the case and will not be entitled to recover any money if there is an eventual settlement. If you do nothing, you will keep any rights to sue Defendants (however subject to the statute of limitations), now or in the future, and will not be bound by any orders or judgments of the Court. To participate in this lawsuit, you must complete a consent to sue form and send it via mail or email to the address/email below, postmarked by **December 18, 2023**, Please include your full name, address, phone number, and signature.<br><br>**WHO REPRESENTS YOU?**<br><br>The Court appointed USA Employment Lawyers – Jordan Richards PLLC of Fort Lauderdale, Florida, and Gessner Law, PLLC, of Hampstead, North Carolina, to jointly represent you as "Class Counsel." If USA Employment Lawyers - Jordan Richards, PLLC, and Gessner Law, PLLC, obtains money for individuals who join this collective action, they may petition the Court for an award of attorney fees and costs to be paid by the Defendants on your behalf. The fees retained by the attorneys will be either the amount received from Defendants as ordered by the Court, or by the contingency fee arrangement with Mr. Windheim and his attorneys. The Court accepted Mr. Windheim as the "Class Representative." |

**HOW CAN YOU GET MORE INFORMATION?**

If you have questions or want a detailed notice or other documents about this lawsuit and your rights, visit www.USAEmploymentLawyers.com or write to: Attn: Nineteen Bar Collective Action, USA Employment Lawyers, 1800 SE 10th Ave. Suite 205 Fort Lauderdale, Florida 33316. The Plaintiffs' counsel may be reached via email at Jordan@USAEmploymentLawyers.com and/or Michelle@mgessnerlaw.com

# REMINDER

**You Have 60 Days left to Join the Collective Action Lawsuit for Alleged Unpaid Overtime Wages Against NINETEEN BAR, LLC, and JOHN FRANCESCO. If you previously decided not to join this action, you do not need to do anything more.**

**Another Copy of the Notice of Collective Action With Information About the Lawsuit is Enclosed Herein. Please carefully review it. You will not be Included in this Lawsuit or be Entitled to Any of its Benefits Unless you Complete the "Consent to Sue" Form and Return it to Plaintiff's Counsel. If You Wish to Join the Lawsuit, You Should Not Delay Doing So Because the Consent to Sue Form Must be Received by <u>December 18, 2023</u> to Join the Lawsuit.**